**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER E. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-1777-RLY-DKL |
| | ) | |
| THERESA ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion for**
**Summary Judgment and Directing Entry of Final Judgment**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Christopher Washington, a former inmate at the New Castle Correctional Facility ("New Castle") alleging that the defendant Nurse Theresa Robertson exhibited deliberate indifference to his serious medical needs. Arguing that Mr. Washington failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, Nurse Robertson moves for summary judgment. Mr. Washington has responded through the filing of a "Notarized Grievance Statement" and a motion for summary judgment.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). Evidentiary material setting forth legal conclusions or conclusory statements are not "facts to which an affiant is competent to testify, [and] legal argument in an affidavit may be disregarded." *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985), *cert. denied*, 475 U.S. 1107 (1986). "Memorializing mere speculation in the form of an affidavit does not convert the speculation into competent evidence," *Gonzalez v. Litscher,* 230 F.Supp.2d 950, 962 (W.D.Wis. 2002), for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

## Discussion

A. *Undisputed Facts*

At all times relevant to the claims in this lawsuit, Mr. Washington was incarcerated at New Castle. As an inmate incarcerated with the Indiana Department of Correction, the Offender Grievance Process was available to Mr. Washington. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. All inmates are made aware of the Offender Grievance Process during orientation and a copy of the Process is available in various locations within the prisons, including the law library.

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally with officials at the facility. The informal resolution step requires the inmate to communicate with prison staff to discuss the matter before turning to the grievance process. If an inmate is unable to resolve his complaint informally, he may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility or staff designated to accept grievances for his housing unit. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit a Level II Grievance Appeal. The Offender Grievance Process is not complete until the inmate receives a response to his appeal.

There is no record of any grievance filed by Mr. Washington during the time relevant to the claims in this case.

B. *Exhaustion*

Nurse Robertson argues that Mr. Washington failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against her. Mr. Washington asserts through his Notarized Grievance Statement that he filed a grievance against Nurse Robertson on or about February 22, 2014.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir.2006).

Nurse Robertson has shown that there is no record of any grievance filed by Mr. Washington. While Mr. Washington asserts that he did file a grievance against Nurse Robertson, he has not presented sufficient evidence to rebut Nurse Robertson's evidence that he failed to complete the grievance process with regard to his claims. His conclusory statement in his motion for summary judgment that he "exhausted all administrative remedies" is insufficient to support a different result. *Majors v. General Elec. Co.,* 714 F.3d 527, 540 (7th Cir. 2013) (conclusory statements unsupported by the record are insufficient to defeat summary judgment); *Greer v. Bd. of Educ.,* 267 F.3d 723, 727 (7th Cir. 2001) (legal conclusions are not statements of fact and do not suffice as a proper response to a Rule 56.1 statement). Specifically, Mr. Washington has presented no evidence that he appealed any grievance response, as required by the Grievance Process. It is therefore undisputed that Mr. Washington failed to exhaust his available administrative remedies before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Washington's action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

**Conclusion**

Nurse Robertson's motion for summary judgment [dkt 21] is **granted** and Mr. Washington's motion for summary judgment [dkt 25] is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __5/22/2015__

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher E. Washington
Chapel Oaks Apartment
806 Oaklawn Ct.
Fort Wayne, IN 46803

All electronically registered counsel